No. 39,258

BEATRICE MARTIN PECK, *Appellant,* v. MARTHA MARTIN HORST, *Appellee.*

(272 P. 2d 1061)

Opinion on Rehearing filed July 6, 1954.
(For original opinion of affirmance see *Peck v. Horst,* 175 Kan. 479, 264 P. 2d 888.)

*Henry H. Asher,* of Lawrence, argued the cause, and *Myron S. Steere,* of Ottawa, and *Clarence M. Gorrill* and *Alan F. Asher,* both of Lawrence, were with him on the briefs for the appellant.

*Basil W. Kelsey,* of Ottawa, argued the cause, and *Robert A. Anderson* and *Richard C. Byrd,* both of Ottawa, were with him on the briefs for the appellee.

OPINION ON REHEARING

The opinion of the court was delivered by

SMITH, J.: This is an opinion on rehearing. For original opinion of affirmance see *Peck v. Horst,* 175 Kan. 479, 264 P. 2d 888. The opinion in this case affirming the judgment of the lower court was filed on December 12, 1953. The appellant filed a petition for a rehearing. This petition was allowed and the case was reargued at the sitting of this court on April 7, 1954.

The original opinion of affirmance is adhered to.

THIELE, J. (dissenting): 'Although I did not dissent from the original opinion, the motion for a rehearing and the second oral argument have caused me to re-examine our original opinion and to reach the conclusion that even though the plaintiff's demurrer to the defendant's answer might not have been good, the disposition made in our original opinion and particularly as reflected in the first paragraph of the syllabus is too broad, leaves a wrong impression as to future proceedings in the action, and should be changed.

To call the contract a voting trust and management agreement is misleading in particulars. It is true that three persons were named as trustees with the right to vote the shares but the so-called trust goes far beyond that and provides for the conduct of the

business by those trustees and not by any board of directors and they are to be paid for services, not as directors but as managing trustees, each the sum of $100 per month or one-third of twenty per cent of the corporate net profits, whichever is greater, and to be reimbursed for their actual expenses.

In a true voting trust the trustee represents the trustor personally but the instant contract provides that if the trustor discharge his trustee, or if the trustee resign, the judge of the district court, not the trustor, appoints the successor. The statute providing for voting trusts authorizes no such an arrangement. See G. S. 1949, 17-3307.

Further the contract is indivisible and the provisions as to management by the trustees cannot be separated from the voting rights. The provisions as to management nullify the charter of the corporation and its bylaws and set aside all portions of the general corporation code for the conduct of the business of the corporation.

Further the provision that a trustee shall be paid corporate assets for his services, in the manner provided by the contract, and that under it he is in a position to say whether any dividends shall be declared payable to his trustor, are not only not recognized by our corporation code but seem to me contrary to good faith and against public policy. And whether so intended or not, the whole agreement is not a voting trust agreement but an abdication by the stockholders of their right and duty to have the corporation managed and controlled in the manner provided by statute. Other provisions of the contract of lesser importance, although subject to analysis and criticism, will not be reviewed.

HARVEY, C. J., concurs in the foregoing dissenting opinion.